IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN SHAY, ) | |
| ) | Civil Action No. 15 - 671 |
| Plaintiff, ) | |
| ) | District Judge Mark R. Hornak |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| WARDEN GILMORE, *et al*., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

I.  **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute as he has failed to notify the Court if he intends to proceed with this case or otherwise pay the initial partial filing fee as he was directed to do in this Court's Order dated June 15, 2015.

II. **REPORT**

Plaintiff initiated this action by submitting a Complaint, which the Court received on May 22, 2015. Plaintiff, however, failed to pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. Therefore, this case was closed pending receipt of either the motion or filing fee.

Plaintiff then submitted a motion for leave to proceed *in forma pauperis* on May 27, 2015. The motion was granted, and Plaintiff was directed to pay an initial partial filing fee of

1

$26.16 as provided by 28 U.S.C. § 1915(b)(1)(A). Plaintiff's Complaint was docketed on June 8, 2015.

Thereafter, on June 12, 2015, Plaintiff filed an Amended Complaint, but at the same time he also filed a motion to voluntarily dismiss this case. Because Plaintiff's intentions were unclear, he was directed to notify the Court no later than June 29, 2015, whether he intended to proceed with this matter. In that same Order, he was also reminded that he still owed an initial partial filing fee, which was due by July 6, 2015. As of today, Plaintiff has neither notified the Court of his intentions nor paid the initial partial filing fee.

A district court has inherent power to dismiss an action, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the Order dated June 15, 2015, directing him to notify the Court of his intentions and to pay the initial partial filing fee. The responsibility for his failure to comply with the Order is Plaintiff's alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, the Complaint has not yet been served so the Defendant has suffered no prejudice.

3. A history of dilatoriness.

It does not appear that Plaintiff has a history of dilatoriness other than the one instance at issue here. However, it has been sixteen days since Plaintiff was to notify the Court of his intentions and nine days since his initial partial filing fee was due. This is sufficient evidence, in

3

the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

  4. <u>Whether the party's conduct was willful or in bad faith.</u>

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

  5. <u>Alternative sanctions.</u>

Plaintiff is proceeding *in forma pauperis* so it is likely that any sanction imposing costs or fees upon him would be ineffective.

  6. <u>Meritorious of the claim or defense.</u>

Plaintiff alleges in his Amended Complain that he was sexually assaulted by another inmate at SCI-Greene on June 29, 2014. He alleges that this inmate had a history of sexually assaulting his cellmates, but the defendant correctional officer, who was aware of the inmate's history, authorized the inmate's move into Plaintiff's cell nonetheless. Plaintiff alleges that the defendant superintendent failed to conduct a proper investigation and did not show any concern for Plaintiff after he was assaulted. He further alleges that the two defendant deputy superintendents failed to protect him or investigate the incident. Plaintiff also sues the Department of Corrections for failing to protect its inmates from assaults.

Based on the facts alleged, this factor weighs neither for nor against dismissal.

To summarize, the majority of the <u>Poulis</u> factors weigh in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed.

### III. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute as he has failed to notify the Court of whether he

still intends to proceed with this case nor has he paid the initial partial filing fee as directed in this Court's Order dated June 15, 2015.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: July 15, 2015.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Kevin Shay
    LH1546
    175 Progress Dr.
    Waynesburg, PA  15370